(No. 14278.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM F. KRELL, Plaintiff in Error.

*Opinion filed December 22, 1921.*

CRIMINAL LAW—*Parole law does not violate Federal constitution.* The Illinois Parole law, in providing for indeterminate sentences, does not violate section 1 of the fourteenth amendment to the Federal constitution. (*People* v. *Doras,* 290 Ill. 188, followed.)

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding.

LESTER E. WILLIAMS, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, HENRY T. CHACE, JR., and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

William F. Krell, plaintiff in error, was indicted by the grand jury of Cook county in an indictment charging that he and others on September 10, 1920, assaulted Marie McGuire and certain money (described in the indictment) belonging to her from her person and against her will feloniously and violently, by force and intimidation, did rob, steal, take and carry away, etc., and that the defendants were armed with a dangerous weapon, a revolver. On a plea of not guilty plaintiff in error was tried, convicted and sentenced to the penitentiary at Joliet for an indefinite term, not to exceed the maximum term fixed by the statute for the crime charged, and the jury found by their verdict that he was armed with a dangerous weapon, with intent, if resisted, to kill and maim the person robbed, and that he is of the age of twenty-four years. He has sued out this writ of error to review that judgment.

No bill of exceptions appears in the record. The case is brought to this court solely upon the common law record. There was a motion in arrest of judgment, which was over-ruled by the court. Plaintiff in error's entire brief, which is unaccompanied by argument, is in this language: "It is assigned as error that the court erred in denying the motion in arrest of judgment; that the verdict was insufficient because the jury did not fix the term of imprisonment; that the court erred in imposing an indeterminate sentence, and in holding that the law of this State providing for inde-terminate sentences does not violate section 1 of the four-teenth amendment to the constitution of the United States. The ground of plaintiff in error's objection is that no means are provided for ascertaining, either by the judgment of the court or any authorized body, what the extent of the punishment should be, and the convict is not permitted to be heard on the matter."

The questions raised on this record have had the atten-tion of this court in a number of cases, and all of those contentions have been decided adversely to plaintiff in er-ror's claims for reversal of this judgment. The following are some of those decisions: *People* v. *Doras,* 290 Ill. 188, *People* v. *O'Donnell,* 291 id. 178, *People* v. *Connors,* 291 id. 614, and *People* v. *Simmons,* 299 id. 201. As was stated in the case last cited, the decisions were reached by a divided court, but as they have been so often followed by this court we must consider all the points raised on this record as finally decided so far as this court is concerned. For that reason we do not consider it necessary to further consider those points.

For the reasons given in the cases above cited, the judg-ment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*